S07Y0720. IN THE MATTER OF ANDREW JAMES McKENNA.

(651 SE2d 80)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Special Master recommending that Respondent Andrew James McKenna be disbarred for his violations of Rule 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of Rule 8.4 (a) (4) is disbarment. The State Bar issued a Formal Complaint in this matter and served McKenna, who resides in New York, by publication. After McKenna failed to respond as required by Bar Rule 4-212 (a), the State Bar filed a motion for findings of fact and conclusions of law by default, which the special master granted. Accordingly, the facts alleged and violations charged in the formal complaint are deemed admitted. Subsequent to the special master's issuance of his report, neither party requested review by the review panel and thus pursuant to Bar Rule 4-217 (c), both parties have waived any right they may have under the bar rules to file exceptions with or make request for oral argument to this Court.

By his default, McKenna admits that in September 2002, while he was employed by the United States Department of Justice as a trial attorney, he assisted the Drug Enforcement Administration ("DEA") in a narcotics investigation; that numerous search and arrest warrants were executed at several private residences and businesses throughout the Houston, Texas area; that among the items seized by law enforcement was a Rolex watch and approximately $35,300; that McKenna left the DEA office with a Rolex watch and $3,500 of seized currency in his possession; and that he did not have authorization to leave the office with the watch or the currency. After meeting with a DEA special agent regarding the missing watch and currency, McKenna gave the watch to the agent but did not produce the currency. McKenna also submitted numerous travel vouchers with false statements and information to the U. S. government between January 2002 and August 2002; made unauthorized charges totaling at least $1,715.11 with a government issued credit card during his time of employment with the Department of Justice; and made numerous false statements to government agents who were investigating his conduct.

We have reviewed the record and conclude that by engaging in the conduct described herein, McKenna violated Rule 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct and that the appropriate level of discipline in this case is disbarment. In imposing this discipline, we note as aggravating factors McKenna's demonstration of a selfish motive in converting property of the U. S.

government for his personal use and engaging in a pattern of misconduct in so doing. Accordingly, McKenna hereby is disbarred from the practice of law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.